```
                    UNITED STATES DISTRICT COURT
                 FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

LEONIDES GUEVARA,                    :
                                     :CIVIL ACTION NO. 3:17-CV-2282
         Plaintiff,                  :
                                     :(JUDGE CONABOY)
         v.                          :
                                     :
CONSTAR FINANCIAL SERVICES, LLC,     :
                                     :
         Defendant.                  :
                                     :
```
___

### **MEMORANDUM**

Defendant's Motion for Judgment on the Pleadings (Doc. 12) is pending before the Court.  In its supporting brief, Defendant contends it is entitled to judgment in its favor on Plaintiff's Fair Debt Collection Practices Act ("FDCPA") action because Plaintiff's theory of the case is not tenable.  (Doc. 12-1 at 1.) Specifically, Defendant maintains that it correctly stated the amount due on the account as of the date of its letter to Plaintiff and Plaintiff's theory that the actual amount claimed on the debt should have been less because a partial refund would eventually be received by the creditor at a later date is without merit.  (*Id.*) For the reasons discussed below, the Court concludes Defendant's motion is properly denied.

### **I.Background** [1]

In January 2015, Plaintiff purchased a vehicle on credit and

___

[1] Given that the relevant legal standard requires the Court to accept allegations in Plaintiff's Complaint (Doc. 1) as true, *see*, *e.g.*, *Zimmerman v. Corbett*, 873 F.3d 414, 417-18 (3d Cir. 2017), background facts are derived from Plaintiff's Complaint (Doc. 1).

the purchase money loan ("the Account") is a "debt" as the term is defined in the FDCPA, 15 U.S.C. § 1925a(5). (Doc. 1 ¶ 10.) The original lender sold the Account to Hyundai Motor Finance ("Hyundai"), and Hyundai identified the Account by a number ending in 4849. (*Id.* ¶ 11.)

Eventually Plaintiff stopped making payments and Hyundai declared a default and repossessed the vehicle. (*Id.* ¶ 12.) The balance of the Account at the time was $22,878.56. (*Id.* § 13.) After Hyundai sold the vehicle, the deficiency balance was $13,377.23. (*Id.* ¶ 14.)

On November 1, 2016, Hyundai referred the Account to Defendant Constar for collection. (*Id.* ¶ 15.) Eight days later, Hyundai reviewed the Account and determined that the balance reported to Defendant had been overstated by $1,820.67 because the deficiency calculated did not address three refunds Hyndai was entitled to receive: $1,123.50 for an extended warranty; $519.55 for gap insurance; and $177.62 for a product related to the vehicle's tires. (*Id.* ¶¶ 16, 17.)

In a letter which was an attempt to collect a debt from Defendant Constar to Plaintiff dated December 11, 2016, the "Total Due" was stated to be $13,377.23. (*Id.* ¶¶ 21, 23, 24; Doc. 1-2 at 2.)

Hyundai received the credit by January 23, 2017. (*Id.* ¶ 26.) Defendant Constar held the Account for collection until March 17,

2

2017, and did not take action to change the information it had provided to Plaintiff. (*Id.* ¶ 27.)

In the Complaint filed on December 11, 2017, Plaintiff avers that Defendant violated the FDCPA, 15 U.S.C. § 1692e(2)(A) and (10), and § 1692g(a)(1). (*Id.* ¶ 28.)

## II. Discussion

### A. *Legal Standard*

"A motion for judgment on the pleadings based on a defense that Plaintiff has failed to state a claim is analyzed under the same standards that apply to a Rule 12(b)(6) motion." *Allah v. Al-Hafeez*, 226 F.3d 247, 249 (3d Cir. 2000). "A motion for judgment on the pleadings should be granted if the movant establishes that 'there are no material issues of fact, and he is entitled to judgment as a matter of law.'" *Zimmerman v. Corbett*, 873 F.3d 414, 417 (3d Cir. 2017) (quoting *Sikirica v. Nationwide Ins. Co.*, 416 F.3d 214, 220 (3d Cir. 2005)). "In considering a motion for judgment on the pleadings, a court must accept all of the allegations in the pleadings of the party against whom the motion is addressed as true and draw all reasonable inferences in favor of the non-moving party." *Zimmerman*, 873 F.3d at 417-18.

### B. *Defendant's Motion*

Defendant contends it is entitled to judgment on the pleadings because it correctly stated the amount due ($13,377.23) in the December 11, 2016, letter to Plaintiff. (Doc. 12-1 at 3.) Noting

3

that each purported violation of the FDCPA is premised on the alleged false amount claimed (*id.*), Defendant elaborates that Plaintiff's own timeline shows that Defendant correctly stated the amount due on the Account at the time the letter was sent in that Hyundai did not receive a partial refund of the amount due on the Account until January 23, 2017. (Doc. 12-1 at 4.) Alternatively, Defendant argues that even if the amount stated on the letter was incorrect, it is entitled to judgment on the pleadings because it properly relied on the information provided by the creditor and it did not need to conduct an independent investigation of the amount due. (*Id.* at 5.)

1. **Relevant FDCPA Provisions**

As set out above, Plaintiff claims that Defendant specifically violated three sections of the FDCPA: 15 U.S.C. § 1692e(2)(A) and (10), and § 1692g(a)(1). (Doc. 1 ¶ 28.) In general, the Court of Appeals for the Third Circuit has explained that

> Congress made its purpose in enacting the FDCPA explicit: "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses."
> 15 U.S.C. § 1620(e).

*Allen ex rel. Martin v. LsSalle Bank, N.A.*, 629 F.3d 364, 367 (3d Cir. 2011). The FDCPA is a remedial statute and its language is to be construed broadly to effect its purpose. *Brown v. Card Serv.*

4

*Ctr.*, 464 F.3d 450, 453 (3d Cir. 2006) (citing *Hamilton v. United Healthcare of La.*, 310 F.3d 385, 392 (5th Cir. 2002); *Stroh v. Director, OWCP*, 810 F.2d 61, 63 (3d Cir. 1987)). Noting a general consensus on the issue, *Allen* stated "[t]he FDCPA is a strict liability statute to the extent it imposes liability without proof of intentional violation. *See* § 1692k." 629 F.3d at 368 & n.7 (citations omitted).

The three subsections at issue here relate to debt collectors' representation to debtors. Subsection 1692e(2) prohibits a debt collector's "false representation of" either "the character, amount, or legal status of any debt." Subsection 1692e(10) prohibits "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." Subsection 1692(g)(1) addresses the debt collector's obligation to apprise the consumer in writing of "the amount of the debt."

## 2. **Accurate Statement of Amount of Debt**

Defendant asserts it is entitled to judgment in its favor because it stated the correct amount due at the time it sent the letter to Plaintiff, adding that "Plaintiff's apparent claim that a debt collector is required to give credit of anticipated, non-guaranteed payments on an Account is meritless." (Doc. 12-1 at 4.) Plaintiff responds that "Defendant's argument would allow it to demand payments of inflated balances, and runs contrary to the

5

remedial purposes of the FDCPA." (Doc. 20 at 11 (citation omitted).) The Court concludes that Defendant has not shown there are no material issues of fact regarding the correctness of its statement concerning the amount due on the Account balance. *See Zimmerman*, 873 F.3d at 417.

Addressing the amount due stated in a letter from a debt collector to a debtor, the Third Circuit Court stated in *McLaughlin v. Phelan, Hallinan & Schmieg, LLP*, 756 F.3d 240, 246 (3d Cir. 2014), "[i]f the amount actually owed as of that date was less than the amount listed, then, construing the facts in the light most favorable to [the plaintiff] as we must when reviewing the dismissal under Rule 12(b)(6), . . . [the plaintiff] has stated a claim that the letter misrepresents the amount of the debt in violation of § 1692e(2) and (10)."

Here Defendant does not dispute that the creditor knew of the refunds due before Defendant sent the December 11, 2016, letter. The parties agree that the $1,820.67 refund would reduce the amount Plaintiff owed from $13,377.23 to $11,566.56. Significantly, the parties characterize the situation differently: Defendant stresses that the creditor's altered calculation based on refunds not factored into the $13,377.23 amount were "anticipated, not guaranteed payments" (Doc. 12-1 at 4); Plaintiff says the creditor "knew that a credit would be forthcoming" for the refunds as determined on November 9, 2016 (Doc. 20 at 11), refunds which the

Complaint states the creditor determined it "was entitled to receive" (Doc. 1 ¶ 16).

From the pleadings, the Court does not know what Defendant knew as of the date it sent the letter, but that is beside the point in this strict liability statute. *See Allen*, 629 F.3d at 368. The central question here is what was "the amount actually owed" as of the date of the letter. *See McLauglin*, 756 F.3d at 246. Given the fact of Hyundai's knowledge of refunds owed at the time Defendant sent the letter to Plaintiff, the question becomes what would Hyundai have identified as the amount owed by Plaintiff on December 11, 2016. In other words, as of December 11, 2016, when identifying Plaintiff's deficiency balance, would Hyundai factor in the amount it had determined it was owed in refunds when it reviewed Plaintiff's account in early November 2016? Construing the facts in the light most favorable to Plaintiff as we must, *see Zimmerman*, 873 F.3d at 417-18, and considering the remedial nature of the statute, *Brown*, 464 F.3d at 453, the Court concludes the question cannot be answered based on the pleadings.[2]

---

[2] In his responsive brief, Plaintiff first asserts that Defendant did not properly state the balance due because it did not state the amount was subject to change. (Doc. 20 at 1.) Defendant asserts that the Court should not consider this argument because it was not raised in the Complaint (Doc. 21 at 1 (citing *Commonwealth of Pa. ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988) ("[I]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss")).) The Court agrees that Plaintiff's Complaint alleges error on the basis that a *false* amount due was stated in the December 11, 2016, letter. (*See* Doc. 1 ¶¶ 25, 27.) Based on the determination

7

### 3. **Defendant's Reliance on Creditor's Information**

Defendant maintains that even if the amount stated in the letter was incorrect it was entitled to rely on the information provided by the creditor and did not need to conduct an independent investigation of the amount due. (Doc. 12-1 at 6.) Plaintiff agrees that the FDCPA does not require a debt collector to perform its own investigation into the validity of a debt but "it nevertheless imposes liability on a debt collector that falsely represents the amount of the debt." (Doc. 20 at 13.) The Court concludes Defendant's argument that it is entitled to judgment on the pleadings even if the amount stated in the letter was incorrect is not appropriately decided at this stage of the proceedings.

In support of its assertion that it is entitled to judgment on the pleadings because it properly relied on information provided by Hyundai, Defendant cites several district court cases within the Third Circuit, relying principally on *Slanina v. United Recovery Sys., LP*, Civ. A. No. 3:11-CV-1391, 2011 WL 5008367. (Doc. 12-1 at 5; Doc. 21 at 3-6).) In *Slanina*, the plaintiff alleged numerous violations of the FDCPA because the defendant debt collector demanded payment of $8,052.18 and the plaintiff alleged this was an

---

regarding the correctness of the stated amount due explained in the text, further discussion of the merits of Plaintiff's argument is not warranted. However, the Court notes that, given the remedial nature of the statute, it would be troubling if Hyundai would not have acknowledged refunds it knew it would receive which would decrease the deficiency balance owed by Plaintiff.

8

attempt to collect a non-existent debt. 2011 WL 5008367, at *1. There was no dispute that the defendant acted on the basis of information provided by the creditor and the information was not accurate. *Id.* The court concluded that defendant's motion to dismiss was properly granted because the defendant had no duty to investigate and verify the debt before it contacted the plaintiff. *Id.* at *3.

*Slanina* supports Defendant's argument that, even if the amount owed in the December 2016 letter was incorrect, Defendant did not violate the FDCPA because it relied on the amount due indicated by Hyundai when Hyundai referred the Account to Defendant. (Doc. 12-1 at 5; Doc. 21 at 3-6.) Plaintiff does not dispute the facts upon which Defendant's argument is based (*see* Doc. 1 ¶¶ 14-15) and does not aver that Defendant was provided with any additional or different information from the creditor before Defendant sent the December 2016 letter. However, Plaintiff asserts Defendant raises a bona fide error defense which is a matter for summary judgment. (Doc. 20 at 17-19 & n.6.)

*Slanina* determined that the matter could be decided on a motion to dismiss because the bona fide error defense was not at issue. 2011 WL 5008367 at *1, 3. *Slanina* did not analyze the broader question framed by the Ninth Circuit Court of Appeals as "[w]hether a violation of §1692e may be predicated upon conduct that is neither knowing nor intentional." *Clark v. Capital Credit&*

9

*Collection Services, Inc.*, 460 F.3d 1162, 1174 (9th Cir. 2006). While Defendant maintains that it cannot be liable under § 1692e(2) and (10) if the amount in the letter was incorrect because the inaccuracy was based on information provided by the creditor, several circuit courts have determined that § 1692e applies even when a false representation was unintentional. *See*, *e.g.*, *Clark*, 400 F.3d at 1175-76 (citing *Turner v. J.V.D.B. & Associates, Inc.*, 330 F.3d 991, 995 (7th Cir. 2003); *Gearing v. Check Brokerage Corp.*, 233 F.3d 469, 472 (7th Cir. 2000); *Russell v. Equifax A.R.S.*, 74 F.3d 30, 33 (2d Cir. 1996)). After setting out general rules of statutory construction, *Clark* explained the rationale supporting its determination.

> Parsing the FDCPA with the aim of placing § 1692e in its proper context, we encounter § 1692k(c) which provides:
>
>> A debt collector may not be held liable in any action brought under the subchapter if the debt collector shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such error.
>
> As our colleagues in other circuits have concluded, this broad language seems to make the FDCPA a strict liability statute.
>
> . . . .
>
> We agree with the Second and Seventh Circuits. Requiring a violation of § 1692e to be knowing or intentional needlessly

> renders superfluous § 1692k(c). . . . We are
> convinced that this reading of the FDCPA is
> more in harmony with the remedial nature of
> the statute, which requires us to interpret
> it liberally.

*Clark*, 460 F.3d at 1175-76 (internal citations omitted).

As noted above, the Third Circuit has concluded generally that "[t]he FDCPA is a strict liability statute to the extent it imposes liability without proof of an intentional violation," *Allen*, 629 F.3d at 368, and regularly recognizes the statute's remedial nature and a reviewing court's need to construe it broadly, *id.* at 367, *McLaughlin*, 756 F.3d at 246. In fact, *Allen* specifically emphasized § 1692e's proscription against "*any* false, deceptive or misleading represntation." 629 F.3d at 367 (emphasis added in *Allen*). Although neither party has cited a Third Circuit case that squarely addresses a debt collector's unintentional/unknowing violation of § 1692e and this Court has not found a case directly on point, the Court concludes that the approach outlined by the circuits to have considered the issue is appropriate here. Further, although *McLaughlin* addressed the issue of whether a consumer is "required to seek validation of a debt he or she believes is inaccurately described in a debt communication as a prerequisite to filing suit under § 1692e," 756 F.3d at 248, the statement "[i]f the amount actually owed as of that date was less than the amount listed, then . . . [the plaintiff] has stated a claim that the letter misrepresents the amount of the debt in

11

violation of § 1692e(2) and (10)," 756 F.3d at 246, is indicative of § 1692e liability arising from an unintentional false statement.

Pursuant to this reading of the FDCPA, "a debt collector's false statement is presumptively wrongful under the [FDCPA], *see* § 1692e(2)(A), even if the speaker is ignorant of the truth; but a debt collector that exercises care to avoid making false statements has a defense under § 1692k(c)." *Randolph v. IMBS, Inc.*, 368 F.3d 726, 728 (7th Cir. 2004). Pursuant to § 1692k(c), the bona fide error defense, *Clark* explained that

> [l]ogically, if a debt collector reasonably relies on the debt reported by the creditor, the debt collector will not be liable for any errors. On the other hand, the bona fide error defense will not shield a debt collector whose reliance on the creditor's representation is unreasonable . . . . *Accord Smith v. Transworld Systems, Inc.*, 953 F.2d 1025, 1032, (6th Cir. 1992) (finding no violation because the creditor listed incorrectly the amount owed when it referred the debt to the debt collector)[.] . . . This narrow exception to strict liability is an affirmative defense, so [the defendant bears] the burden of proof at summary judgment. *Fox* [*v. Citicorp Credit Services, Inc.*, 15 F.3d 1507, 1514 (9th Cir. 1994)].

*Clark*, 460 F.3d at 1177.

In this scheme, Defendant's liability is based on wether it can satisfy the requirements of the bona fide error defense, i.e., if the Account balance stated in the December 2016 letter was incorrect, Defendant has the burden of showing that it reasonably relied on the creditor's report of the amount due on the Account.

12

*See* 15 U.S.C. §1692k(c). Defendant has not attempted to make the necessary showing. Therefore, Defendant's Motion for Judgment on the Pleadings (Doc. 12) is properly denied.

### III. Conclusion

For the reasons discussed above, Defendant's Motion for Judgment on the Pleadings (Doc. 12) is DENIED. An appropriate Order is filed simultaneously with this Memorandum.

> S/Richard P. Conaboy
> RICHARD P. CONABOY
> United States District Judge

DATED: June 14, 2018

13